## GIARAMITA v

## ZISSEN'S WHITE HORSE CAFE, Inc

Ohio Appeals, 9th Dist, Summit Co

No 2899. Decided Sept 27, 1937

Sheck, Marsteller & Wendelken, Akron, for appellee.

H. A. Waltz, Akron, and Harter, Olds & Jarboe, Akron, for appellant.

## OPINION

By DOYLE, J.

On the evening of the 19th of October, 1935, appellee went to a cafe, operated by the appellant and located on South Main Street in the city of Akron, Ohio, to purchase his evening meal. He was seated at a table in the rear of the room, directly below the railing of a balcony upon which an orchestra was playing. During the course of his meal he was struck on the head by a beer mug which fell from a ledge on the balcony railing and suffered injuries which constitute the basis of this action against the appellant proprietor.

It appears from the record that the main room, in which the cafe was located, had

been divided in the rear by a partition wall for the purpose of cutting out a kitchen; that this wall extended only part way to the main ceiling; that a wooden covering to the kitchen had been constructed from the top of the said partition wall to the main rear wall of the room; and that the covering or ceiling of the kitchen also served as a floor to the balcony, which came into existence by the "blocking out" of the kitchen. It further appears that a stairway from the main floor led to this balcony, and in front of the said balcony was a railing; that the railing consisted of a rounded top rail several inches in diameter from which pickets or spindles approximately four inches apart descended to the floor of the balcony; that on the inner side of these pickets, and as a part of the construction of the railing, was a flat 2x6 or 2x8 timber which extended throughout the length of the railing—the timber being approximately 15 inches above the balcony floor; that the wide side of the timber was parallel to the floor and presented a flat surface; that the entire railing was of an irregular height, from three to five or six feet, and was set about six inches back from the edge of the floor, which edge was flush with the outer surface of the partition wall.

Sometime prior to the accident, certain members of the orchestra hereinbefore mentioned (which orchestra was under contract of hire with appellant), accompanied by two lady friends, had gone to the balcony. One of the said orchestra members ordered, and paid for, a glass of beer for each of the ladies, which was subsequently served by the proprietor. The beer, when served, was placed on a table which was located near the center of the balcony. One of the women sat in a chair next to that part of the railing directly above the appellee while she consumed her drink. She then placed the empty mug on the timber or shelf heretofore described, and departed from the cafe. The other woman had been seated at the table aforementioned, but at this time moved to the empty chair at the railing, and in doing so accidentally pushed the empty beer mug between the spindles, and the mug, while falling, struck the head of the appellee, who, as before stated was eating his meal immediately below.

The plaintiff in the court below specifically charged the defendant with negligence in the following respects:

1. In that the defendant constructed its said balcony and office in such a manner as to permit articles to be dropped from same.

2. In that the defendant failed and neglected to maintain a screen or protection around its said office and balcony so that articles could not be dropped from same.

3. In that the defendant permitted glasses or mugs to be taken into its said office and balcony where same were likely to be dropped from the railing.

4. In that the defendant placed a table and/or booth underneath its said balcony and office in such wise that guests of the defendant sitting and eating at said table and/or booth would be injured by articles dropped from said balcony and office.

An answer was filed which generally denied each and every allegation in the petition except the time and place of the injury and the corporate existence of the appellant.

At the conclusion of the trial the case was submitted to a jury, and a verdict in the amount of $2,500 was returned, upon which judgment was entered.

Complaint is made in this court of the following alleged errors of law:

1. That the court erred in overruling the motion of the defendant for a directed verdict at the close of the plaintiff's testimony.

2. That the court erred in overruling the defendant's motion for directed verdict at the close of all the testimony.

3. That the verdict and judgment are contrary to the evidence and contrary to law.

4. That the amount of the verdict is excessive.

No complaint is made of the court's instruction to the jury. The argument of the appellant is directed to the legal conclusion that the evidence in the case does not present an actionable matter.

Before entering into a discussion of the principles of law applicable hereto, it is appropriate to set out a part of the court's charge, in order to show the theory upon which the case was presented to the jury. The court, after properly charging upon negligence and proximate cause, said:

"The plaintiff in this case was an invitee, and the defendant assumed the obligation that the premises are in a reasonably safe condition and are suitable for the use for which the premises are to be used. For a breach of this obligation the owner of the premises is liable in damages to a person who is injured as a direct and

proximate result of the premises not being in a reasonably safe condition. * * *

"If you find that the failure of the defendant to maintain a screen or protection around the balcony to prevent articles dropping or being dropped from the same, was negligence and that such negligence was the proximate cause of the injury to the plaintiff, then your verdict should be for the plaintiff."

Did the trial court err in ruling that, from the evidence adduced, impartial and reasonable minds could arrive at different conclusions upon the issues of ordinary care and proximate cause in this case? Or should the court have said as a matter of law that from the facts developed there was no liability?

There is a multitude of cases in Ohio and elsewhere announcing rules of law applicable to injuries resulting from slippery floors in public places, from merchandise in the aisles of stores, and so on. The case at bar is not such a one, and those cases are not authority for cases which involve claimed structural defects and claimed failure to remedy the same. The questions presented in the instant case are whether or not, under the circumstances, a structural defect existed, and, if it existed, whether the failure to remedy the condition amounted to a failure to exercise ordinary care. This court is of the opinion that these questions presented issues properly submissible to a jury.

Kern v Great Atlantic & Pacific Tea Co., 241 N. Y. 600; 150 NE 572.

The appellant herein, as the operator of a cafe into which the general public was invited to enter and spend money in return for food and beverages, owed to all invitees the duty of exercising reasonable care to maintain its premises in a reasonably safe condition; and in the exercise of ordinary care it was its duty to provide against foreseeable circumstances, the natural consequence of which probably would result in injury.

Stating some of the uncontradicted and pertinent facts of this case succinctly, and applying thereto the legal obligation of a cafe proprietor to his invited guest, we are of the opinion that the seating of the guest at a table directly below a balcony, upon which persons had been served drinks in mugs; the maintaining in front of the said balcony a railing, throughout the length of which ran a board wide enough and fastened in such manner as to invite the placing thereon of an empty beer mug;

and the maintaining of the said railing with spindles wide enough apart for a mug to be accidentally pushed from the said board or shelf between the spindles, and into space .to fall to the level below, constitutes sufficient evidence of negligence to warrant the submission of that question to a jury for the purpose of having the jury determine whether or not there was a structural defect in the premises, and if so, whether or not a guest who has been struck and injured by the falling mug received his injuries as a direct and proximate result of the proprietor's negligence in prosecuting his business notwithstanding the existence of such structural defect.

It is further urged that the amount of the verdict is excessive. We are not unanimously of the opinion that as to amount it is manifestly against the weight of the evidence.

Judgment affirmed.

STEVENS, PJ, and WASHBURN, J, concur in judgment.