239 So.2d 22 (1970)
Lynn Sharon JOHNSON, Appellant,
v.
Arthur N. HATOUM, Appellee.
No. 69-47.
District Court of Appeal of Florida, Fourth District.
July 20, 1970.
Rehearing Denied September 18, 1970.
*23 T.G. LaGrone, of Driscoll, Baugh & LaGrone, Orlando, for appellant.
Monroe E. McDonald, of Sanders, McEwan, Schwarz & Mims, Orlando, for appellee.
WALDEN, Judge.
This is a negligence suit. Summary judgment was entered in favor of the defendant. Plaintiff appeals. We reverse because there are genuine issues of material fact which stand as a bar to such disposition. Florida Rules of Civil Procedure 1.510(c), 31 F.S.A. See Holl v. Talcott, Fla. 1966, 191 So.2d 40, for the controlling summary judgment criteria and the admonition that summary procedure should be applied with special caution in negligence actions.
Plaintiff was a pedestrian patron (and therefore a business invitee) at defendant's drive-in restaurant when she was struck by an automobile which was being operated upon defendant's premises by another customer. Plaintiff was in the process of purchasing food to take out and was standing outside defendant's building at a designated walk-up food counter. Her back was necessarily turned to the street and to vehicular traffic on the level, paved parking area. This was occasioned by the layout of defendant's facilities.
Automobile parking spaces and parking and operating limits were not marked or otherwise indicated upon the parking lot. Except for a buildup in the paved surface *24 running along adjacent to the building, which buildup was 48 inches in width and 1 3/4 inches in height, there was no separation between the place where plaintiff was standing at the food counter and places intended and used by motor vehicles. There was no barrier or guardrail or any protective device between the standing area provided for customers afoot and the area provided for car use and parking. There were no warning or protective signs either for the vehicle operators or the pedestrian patrons. There were no traffic control or limiting signs or devices. In other words, it does not appear that defendant sought by any means to exercise control over the use of his premises by his patrons by the way of signs, restraints or limitations and apparently, and for as much as the record shows, vehicles were permitted to drive onto the premises and park anywhere and at any angle and at such proximity to the buildings and other patrons as the operator wished.
While patrons were not protected from vehicular traffic, pictures of the premises reveal that defendant protected his neon sign which was located near the parking area with a barrier consisting of a series of yellow iron posts implanted vertically in the ground.
Plaintiff, by way of the theory of her case, alleged in her complaint that defendant was negligent in failing to provide plaintiff with a reasonably safe place to transact business with defendant; with a negligent design and maintenance of its business premises; and with a failure to warn or protect the plaintiff from danger when defendant knew or should have known that these circumstances subjected plaintiff to an unreasonable risk of harm, particularly when she was placed with her back to the danger. The defendant did not answer the complaint but filed a motion for summary judgment, a motion to dismiss and a motion to strike the affidavit of plaintiff's expert witness, Professor Wilcox. The court did not rule upon the motion to dismiss. It denied defendant's motion to strike the affidavit and granted defendant's motion for summary judgment. This appeal ensued at plaintiff's behest.
While the testimony of a large number of witnesses was not before the court, the evidence was sufficient to establish the foregoing facts without question. From them we are able to say that they, together with their proper inferences, are more than adequate to forestall summary judgment and present a case for jury determination. But, going further, the plaintiff's case was buttressed in every particular by the affidavit of a qualified safety expert, Professor Wilcox. He had the record, including detailed photographs of the premises, before him and from it opined that pedestrian patrons were subjected to an unreasonable risk of danger and that the defendant should have reasonably foreseen the danger of motor vehicles striking persons standing at the take-out counter. It was his opinion that the design of the premises did not meet the customary standard of care authorized in this type of business. He finally said that a barrier should have been erected to protect customers on foot from vehicular traffic at this location.
While we are satisfied that the record requires a reversal of the judgment, with or without resort to Professor Wilcox's expert opinion we believe that the trial court correctly denied defendant's motion to strike Professor Wilcox's affidavit and that his opinion was properly considered by the trial court. See Millar v. Tropical Gables Court, Fla.App. 1958, 99 So.2d 589, and Gifford v. Galaxie Homes of Tampa, Inc., Fla.App. 1969, 223 So.2d 108.
There is a well recognized general rule that obtains in cases where business invitees are injured upon a defendant's premises by other persons. It is stated in 65 C.J.S. Negligence § 63(118), p. 883, as follows:
"Generally a proprietor of a place of business or public resort must use ordinary care to protect customers, patrons, *25 or other invitees against the dangers which may be caused by the negligence or wrongful acts of his employees, customers, or other persons, where he has reasonable cause to anticipate the wrongful or negligent acts and the probability of injury therefrom."
and 65 C.J.S. Negligence § 63(47), p. 747, where it is said:
"The owner, occupant, or person in charge of premises must use ordinary care to protect his invitees from the wrongful or negligent acts of third persons which he has reasonable cause to anticipate."
See also 40 Am.Jur.2d., Hotels, Motels, etc., § 111:
"Although a proprietor of an inn, hotel, motel or similar establishment is not an insuror of the safety of his guests or patrons against tortious or improper acts or conduct of other guests, patrons, or third persons, he is bound to exercise reasonable care in this respect for their safety and may be held liable on the ground of negligence."
The Florida Supreme Court also announced the rule in the case of McNulty v. Hurley, Fla. 1957, 97 So.2d 185, where a plaintiff was injured upon defendant's premises by the actions of others. It was there outlined:
"A greater duty is owed to an invitee than to either of the other class of persons above mentioned. (Referring to licensees and trespassers.) The owner or occupant owes an invitee the duty of keeping the premises in a reasonably safe condition, and, as plaintiff contends, also to guard against subjecting such person to dangers of which the owner or occupant is cognizant or might reasonably have foreseen. First Federal Sav. & Loan Ass'n. of Miami v. Wylie, Fla. 1950, 46 So.2d 396, and Messner v. Webb's City, Inc., Fla. 1952, 62 So.2d 66."
The plaintiff in McNulty was denied recovery because the court determined that she was only a licensee and that the defendant had not breached the standard of care owed to her.
To catalog and capsule a few cases which support the plaintiff's position and reflect light upon the defendant's responsibility, we note the following:
A. In Jackson v. Atlanta Braves, Inc., Fla.App. 1969, 227 So.2d 63 this court advanced a position which indicates reversal in the instant case. Plaintiff was a business invitee who went to defendant's stadium to view a game of baseball. Plaintiff was struck by a foul ball which was tipped by the batter over the vertical backstop behind home plate. He charged that the defendants were negligent in failing to provide an adequate screening behind home plate. Summary judgment was entered in the trial court for the defendant. This court reversed, holding that although there was no conflict in the facts, various conclusions could be drawn therefrom as to the issues of negligence.
B. In Naegele v. Dollen, 1954, 158 Neb. 373, 63 N.W.2d 165, 42 A.L.R.2d 1099, we find a parallel case in that a business invitee was injured by a fellow patron upon defendant's premises by the operation of a dangerous instrumentality. There another customer manipulated a gun on sale in the defendant's store with the result that plaintiff suffered a gunshot wound in his leg. It was there held to be reasonable in the usual experience of mankind to require a storekeeper's anticipation of the possibility that a loaded shotgun manipulated by a customer in the store might be discharged with resultant injury to another customer.
C. In Holdshoe v. Whinery, 1968, 14 Ohio St.2d 134, 237 N.E.2d 127, there was a directed verdict for defendant owner of picnic grounds and the plaintiff appealed. The court of appeal reversed and remanded for a new trial and the Supreme Court of *26 Ohio affirmed the court of appeals, holding that whether injuries sustained by patron when unattended auto rolled down incline and struck plaintiff was proximately caused by picnic ground owner's breach of duty to business invitee was a jury question. The jury might well have found that there should have been some sort of barrier erected.
D. The trial court in Gresser v. Taylor, 1967, 276 Minn. 440, 150 N.W.2d 869, directed a verdict in favor of all defendants, and court of appeals affirmed. The Supreme Court of Minnesota reversed and remanded, holding that a golf course could be held liable to a fee paying participant in a golf tournament for injuries from a car which rolled down a hill, notwithstanding that an unknown person may have released the brake or moved the gearshift lever. "[I]t is common knowledge that business proprietors of lands where parking is done, particularly where cars are parked upon sloping ground, utilize fences, logs, railroad ties, cement barriers, and the like to keep the parked car in a safe position."
E. In Marquardt v. Orlowski, 1958, 18 Ill. App.2d 135, 151 N.E.2d 109, the jury returned a verdict in trial court for plaintiffs. Appellate court affirmed holding that negligence of operators of picnic grove in permitting autos to be parked on sloping ground without supervision or measures to block the autos was question for jury, notwithstanding evidence that a child had taken the car out of gear. The auto injured the plaintiff pedestrian when it rolled down the hill.
F. Giaramita v. Zissen's White Horse Cafe, 1937, 57 Ohio App. 517, 15 N.E.2d 162, concerned a falling beer mug. Jury verdict in favor of plaintiff affirmed by the appellate court. Evidence held sufficient to submit to the jury as to question of negligence in that the owner of the cafe did not provide a safe place for its business invitees by allowing structural defect to exist. Plaintiff was struck by falling beer mug while dining. The mug fell from ledge on balcony which was wide enough to invite the placing of mugs upon it. The spindles on the railing were wide enough to permit a mug to slide through and the owner should have foreseen this possibility.
G. Promisel v. Hotel Statler Corporation, 1934, 286 Mass. 15, 189 N.E. 804 concerned a revolving door. Here was a jury verdict for plaintiff affirmed by appellate court. Held jury question as to hotel's negligence under the evidence. Defendant replaced a broken window in a revolving door with a board. The court said that it might well be found that the opaque board created a danger in the use of the revolving door which made it defective. "The defendant was not responsible for the negligent conduct of others hurrying through the door, but the fact that a third person moved the door does not necessarily break the causal connection of the defendant with the injury, if such action should have been anticipated." See also Eyerly v. Baker, 1935, 168 Md. 599, 178 A. 691.
H. In Peninsular Telephone Co. v. Marks, 1940, 144 Fla. 652, 198 So. 330, a jury verdict for plaintiff was affirmed. Question of whether defendant should have anticipated negligence of others when it placed telephone pole 2 1/2 feet from edge of road on sharp curve was for the jury to determine. Plaintiff was guest in auto in which the driver was allegedly intoxicated.
But what is the defendant's position? He relies chiefly upon the case of Schatz v. 7-Eleven, Inc., Fla.App. 1961, 128 So.2d 901. Plaintiff there was a business invitee who was shopping inside the defendant's store. Customers were invited to park their motor vehicles on the paved area located in front of the building. A sidewalk 10 feet wide and a curb 5 3/4 inches high separated the front of the building from this parking area. A car operated by a third person parked directly in front of the store. When its operator later attempted to start her car she negligently caused it to be propelled forward over the curb, across the sidewalk *27 and into the defendant's store, striking the plaintiff and pinning her against a fixture. That court approved a summary judgment in favor of the defendant. Two considerations become manifest. First the facts are glaringly different. There was a designated parking space and there was a designated stopping place and surely the vehicle operator, from the makeup of the premises, knew that she was prohibited from driving her vehicle into the store. Further, the plaintiff was accorded the protection of the building, the sidewalk and the curb and thus there could be a basis for finding no breach of duty on the part of the defendant. Secondly, we cannot agree with the subjective reasoning of that court in determining foreseeability and proximate cause as a matter of law. The correct approach is reflected in the case of Pinkerton-Hayes Lumber Co. v. Pope, Fla. 1961, 127 So.2d 441, as follows:
"The error into which the District Court fell was the subjective application of the objective test of foreseeability as pronounced in the Cone case (Cone v. Inter County Telephone & Telegraph Co., Fla., 40 So.2d 148). The language in question was intended to convey the notion that foreseeability depends in part on whether the type of negligent act involved in a particular case has so frequently previously resulted in the same type of injury or harm that `in the field of human experience' the same type of result may be expected again. The test was not intended to, nor do we think it does, imply that a plaintiff, in order to recover in a negligence action, must prove that the particular causative act had frequently occurred before, and that it had frequently resulted in the same particular injury to the plaintiff. Yet this is the application which was given to the rule in the quoted portion of the District Court of Appeal's opinion. Without resorting to extreme example, a moment's reflection will bring to mind many circumstances where the application of such rule would preclude recovery by a plaintiff, even though the injury might be readily foreseeable."
We feel that the Schatz case has no applicability to the facts of this case.
In sum, it is our opinion that the circumstances of this case are such as to present a classic jury question and we believe that it was error to enter summary judgment. While, from these facts, a jury might deny recovery after a fullscale trial, it might, with equal justification, have concluded, among other things, that the defendant was negligent in failing to erect barriers; in failing to control vehicular traffic; in failing to erect warning signs and in designing the premises so that the unprotected counter space was immediately adjacent to an uncontrolled parking area. We think the jury would have been entitled to find as a matter of common sense and experience that the defendant knew, or should have known, that this was a dangerous condition which would visit injury upon a pedestrian patron whose attention was directed away from the danger. Finally, we feel that the jury could have decided that the defendant should have exercised the same care and concern for the safety of his pedestrian customers as he did for his neon sign.
The judgment appealed is reversed and the case remanded for further proceeding consistent herewith.
Reversed and remanded.
OWEN, J., concurs.
CROSS, C.J., dissents, with opinion.
CROSS, Chief Judge (dissenting):
I must respectfully dissent.
The basic question for this court's determination is whether a property owner may be held liable for injuries to a business invitee which are caused by a runaway automobile. In Schatz v. 7-Eleven, Inc., Fla. App. 1961, 128 So.2d 901, our sister court of the First District was confronted with facts similar to those in the case at bar. In Schatz a car was parked perpendicular to a 5 3/4" curb when the driver negligently *28 caused it to be propelled forward over the curb, across the sidewalk and into the defendant's store, striking and severely injurying a patron. The plaintiff asserted that the proprietor was negligent in permitting cars to be parked at right angles and failing to provide an adequate curb barrier, wall or other obstacle to prevent cars from being driven into the building. The First District Court recognized the rule that proprietors have a duty to provide a reasonably safe place for patrons, but are not insurers of their safety.
The First District Court determined that the duty of the proprietor is limited to preventing dangers of which the proprietor is actually cognizant, or which he might reasonably foresee, and that the test of foreseeability is whether by prudent human foresight the result of the act can be anticipated because it happens so frequently that in the field of human experience it may be expected to happen again. In concluding that perpendicular parking and normal curbing did not give rise to a cause of action against the proprietor for runaway vehicle, the court acknowledged that at times operators lose control of their automobiles, but that such incidents do not happen in the ordinary and normal course of events and therefore fall within the categories of situations which are unusual or extraordinary and unforeseeable in contemplation of the law.
The majority tries to distinguish the Schatz case from the case at bar on the basis that in Schatz the accident occurred inside the store. In other words, the car went over the barrier, through the glass window and pinned a patron to one of the counters. In the instant case, the patron was not inside the restaurant itself but was standing outside the restaurant on the walkway with her back toward whatever traffic might be parked or coming into the restaurant. The fact that the plaintiff was on the outside of the store as opposed to being inside the store, in my conviction, is of no help to the plaintiff. This fact would not impose on the proprietor a duty to anticipate and prevent the possibility of injuries from runaway vehicles.
The effect of the majority's opinion, in essence, is to impose a burden upon a proprietor to erect an impregnable barrier around his building. Such in my opinion is an imposition on a proprietor and a burden completely out of proportion to the anticipated risk. I am of the conviction that the following rule governing foreseeability as adopted in 2 Restatement of Torts, § 353 (2), is applicable to the present case:
"The actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm."
See also Jacobs v. Draper, 1966, 274 Minn. 110, 142 N.W.2d 628, and annotation 173 A.R.L. 626.
The Schatz case followed a recent Texas decision, Watkins v. Davis, 1958, Tex.Civ. App., 308 S.W.2d 906. In the Watkins case a truck moved suddenly from a parked position, drove through the open front of a grocery store, pinning the plaintiff, a customer, against the rear wall. The plaintiff claimed that the proprietor was negligent in failing to provide an adequate barrier to prevent cars from running into the store. The Texas court stated:
"`It has been held in many cases that a wrongdoer is not responsible for a consequence which is merely possible, according to occasional experience, but only for a consequence which is probable, according to ordinary and usual experience. The natural and probable consequences are those which human foresight can foresee, because they happen so frequently that they may be expected to happen again.' * * * The weight of authority, which to our mind is in accord with sound principles, is to the effect that, where the injury to the traveler results from a loss of entire control and *29 direction of an animal or machine, the occurrence falls within the demain of unusual and extraordinary; and therefore, in contemplation of law, of the unforeseeable."
See to the same extent Mack v. McGrath, 1967, 276 Minn. 419, 150 N.W.2d 681.
In the instant case I am of the opinion that liability cannot be predicated on the fact that there was a possibility that an auto may occasionally jump the curb and expose the invitee to the remote possibility of injury. I believe that this circumstance would be unusual, extraordinary and unforeseeable in contemplation of the law, and that the trial court was eminently correct in granting summary judgment for the defendant proprietor.
The majority has blindly overlooked the limitless burden that has been cast upon drive-in proprietors as to what is to be considered a sufficient barricade. How thick must it be? How high must it be? What strength must it withhold? Such is an untenable burden.
I would affirm the determination of the trial court in granting to the defendant summary judgment.