Clarence **NICHOLSON**, Appellant,

v.

**MGM CORPORATION**, Appellee.

No. 2509.

Supreme Court of Alaska.

Oct. 8, 1976.

·Edward T. Noonan and Charles E. Cole, Fairbanks, for appellant.

Thomas F. Keever of Merdes, Schaible, Staley & DeLisio, Fairbanks, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

## OPINION

CONNOR, Justice.

In this appeal we must consider the extent of the duty of due care owing by a possessor of land who holds it open to the public for entry to the possessor's business premises. More particularly we deal with the duties of a grocer toward patrons who are about to enter his store.

For the purpose of this appeal the facts are not in serious dispute. The case comes to us from the grant of summary judgment against the plaintiff, who suffered injury near the defendant's store. On November 19, 1972, plaintiff Clarence Nicholson was walking on the sidewalk adjacent to the Steese Market, owned by defendant MGM Corporation. He observed and spoke with Frank Howard. Howard was checking the oil in his car, which was parked in the lot facing the front of the grocery. At about the same time, James Gronmark was driving a pickup truck on College Road, intending to get groceries at the Market. He stated that he stopped at the stop sign on the corner of College Road and the Steese Highway. The stop sign is located across the Steese Highway from the parking lot of the Steese Market. He later claimed that when he accelerated away from the sign the pedal stuck, causing his truck to race across the road and into the Market parking lot.[1] The truck

1. Plaintiff's theory was apparently that Gronmark was drunk, and was flustered because he wasn't used to an automatic shift. This

caused him to mistakenly step on the accelerator instead of the brake. Gronmark admitted to having had ,two blackberry

struck Howard's parked car and knocked it over the sidewalk curb into the front plate glass window of the store. Nicholson was struck by the parked car as it was forced over the sidewalk and into the building.

Nicholson sued MGM Corporation and Gronmark for the injuries he received. His theory of liability against the grocery store was that "MGM Corporation negligently operated and maintained, with negligent and improper design," the parking lot, sidewalk and building which constituted the Steese Market. Besides the ten-inch curb separating the sidewalk and parking lot, there was no protective device between the parking lot and the sidewalk. Some ice and snow had accumulated next to the curb, forming a steep ramp between the parking lot and the sidewalk. No lines or parking spaces were painted on the lot surface, but customers usually parked facing into the building. There was no structural differentiation between the parking lot and the main road.

The superior court granted summary judgment in favor of MGM Corporation on the theory that no duty was owed to plaintiff because this type of accident was not reasonably foreseeable.[2]

■ There is no dispute that Nicholson was a business invitee at the time of the accident. We have previously stated the duty owing to such a person:

"Toward an invitee, it is the duty of the occupier of property in the conduct of any active operations on the property, to use ordinary care to avoid any injury to the invitee and it is also the occupier's duty to use ordinary care to keep the premises in a condition reasonably safe for the invitee in the reasonable pursuit of a purpose embraced within the invitation." *Chugach Elec. Ass'n v. Lewis,* 453 P.2d 345, 347 (Alaska 1969).[3]

The majority of cases appear to hold that a store owner owes no duty to invitees to protect them from runaway cars in the parking lot, even if parking perpendicular to the building is allowed or encouraged, since this kind of occurrence is not sufficiently foreseeable for a store owner to be required to protect against it. *Mack v. McGrath,* 276 Minn. 419, 150 N.W.2d 681, 686 (1967) (despite two earlier runaway car incidents); *Watkins v. Davis,* 308 S. W.2d 906, 909 (Tex.Civ.App.1957); *Flanagan v. Anania,* 196 N.Y.S.2d 431, 432 (Sup.Ct.1959); *Schatz v. 7-Eleven, Inc.,* 128 So.2d 901, 904 (Fla.App.1961) (unforeseeability negates proximate cause).

Recently, however, two courts have permitted juries to pass on the foreseeability of accidents in which drive-in restaurants allowed cars to park perpendicular to cus-

brandies before driving, and to have been drinking beer the night before. As a result of this accident, he plead nolo contendere to a citation for driving under the influence of intoxicating liquor.

2. The motion for summary judgment contained a second, alternative ground—that MGM's conduct, even if negligent, was not a proximate cause of Nicholson's injuries. The view which we take of the case makes it unnecessary for us to decide this issue.

3. Restatement (Second) of Torts § 344 (1965) states:

"*Business Premises Open to Public: Acts of Third Persons or Animals.* A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

(a) discover that such acts are being done or are likely to be done, or

(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it."

The comment to this section states:

"If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless . . . conduct on the part of third persons, either generally or at some particular time, he may 'be under a duty to take precautions against it . . .'" Restatement (Second) of Torts § 344, Comment (f) (1965).

tomers exposed at outside windows. In these cases customers waiting to be served arguably were inadequately protected, and cars in parking spaces "lurched," "jumped" or "bolted" forward. *Barker v. Wah Low,* 19 Cal.App.3d 710, 97 Cal.Rptr. 85, 90–92 (1971); *Johnson v. Hatoum,* 239 So. 2d 22, 27 (Fla.App.1970). In the case at bar plaintiff argues that the language of the Florida court in *Johnson v. Hatoum, supra,* disapproving the earlier *7-Eleven* case, *supra,* indicates that the decisions refusing to find foreseeability are not sound and will not be followed in the future. We find, however, that very recently a Florida court has followed *7-Eleven* in denying recovery to a plaintiff inside a store who was injured by a runaway car with bad brakes which crashed into the store from a perpendicular parking place. *Krispy Kreme Doughnut Co. v. Cornett,* 312 So.2d 771 (Fla.App.1975).

It can be argued that, by positioning a sidewalk outside the Market in front of perpendicular parking places, MGM is indistinguishable from the drive-in restaurants in *Wah Low* and *Hatoum, supra.* Thus the adequacy of the 10-inch curb to protect customers, at least in light of the ice and snow buildup,[4] might present a jury question. But this would still be distinguishable from the instant case, because the only car perpendicularly parked in the Steese Market lot was Howard's, and it did not actively contribute in any way to the accident, other than being pushed by Gronmark's truck. Indeed, the existence of the lot provided plaintiff with extra protection, since there was an additional 30 to 40 feet in which Gronmark had an opportunity to regain control of his truck.

Thus, the injury to plaintiff is not at all akin to an unforeseen trigger producing the result to be anticipated from a dangerous situation, as in lightning setting off the explosion of an uncleaned oil barge full of explosive gas. *See Johnson v. Kosmos Portland Cement Co.,* 64 F.2d 193 (6th Cir. 1933). In the case at bar the Market parking lot did not even produce the resultant injury directly, as did the explosive gas in *Kosmos.* This is not a case in which only the triggering action was unforeseeable, but rather one in the whole accident was not reasonably foreseeable.

Plaintiff also argues that the lack of controlled entry from the street, or lack of other protection from cars from the highway, might give rise to liability, citing *Ray v. Cock Robin, Inc.,* 10 Ill.App.3d 276, 293 N.E.2d 483 (1973). In that case defendant's ice cream parlor had picnic tables situated within 30 feet of a highway, near a heavily travelled intersection. Four children were hit by a car from the highway while eating ice cream at one of the tables. There was no curbing or other separation between the road and the picnic area. The court distinguished *Watkins v. Davis, supra,* and concluded that evidence of a prior accident should have gone to the jury as relevant to the question of foreseeability and proximate cause. The court said:

"Traffic accidents are a commonplace thing in our present day society, and it is neither rare nor unusual for vehicles to go out of control due to mechanical failures within them. Given the precarious position of the picnic area at an intersection, it cannot be said that all prudent men would agree that Cock Robin could not reasonably foresee the consequences of its omission to erect a barrier, and could not reasonably foresee or anticipate that an out-of-control vehicle could enter into the picnic area." 293 N.E.2d at 489.

But that case is distinguishable on its facts. The Steese Market did not expose its patrons to a "precarious position," despite the change in the traffic pattern produced by the new intersection. More im-

---

4. "The mere fact that snow and ice conditions prevail for many months throughout various locations in Alaska is not in and of itself sufficient rationale for the insulation of the possessor of land from liability to his business invitee" because of any theory that the invitee should know of the danger. *Kremer v. Carr's Food Center, Inc.,* 462 P.2d 747, 752 (Alaska 1969); *accord, Beaney v. Carlson,* 174 Ohio St. 409, 189 N.E.2d 880, 886 (1963) (Herbert, J., dissenting).

portantly, it did not invite patrons to sit and linger in an exposed area; rather, it provided a sidewalk to protect and expedite customers' entry into the store building, where they would transact their business.[5] An additional aspect of the *Cock Robin* case deserves consideration. That case was affirmed on appeal by the Illinois Supreme Court, at 57 Ill.2d 19, 310 N.E.2d 9 (1974). There the court indicated that the prior occurrence which plaintiffs were seeking to introduce into evidence was itself what made the incident in question foreseeable, and hence required that the case go to the jury. 310 N.E.2d at 12. In the case at bar, there is no evidence of any prior occurrence, other than customers backing their cars into a utility pole as they left the Steese Market parking lot.

In view of the foregoing, we hold that on the record in this case there was no failure by the defendant to exercise reasonable care for the safety of its patrons. There was no genuine issue as to any material fact, and defendant was entitled to judgment as a matter of law. Alaska R.Civ.Proc. 56(c). The superior court correctly granted summary judgment to defendant.

AFFIRMED.

---

5. The drive-in restaurant cases, *Wah Low* and *Hatoum*, are distinguishable for a similar reason. In those cases customers stood on the sidewalk while placing their orders and waiting for their food to be delivered. Here they merely walked along the sidewalk on their way into the store building.