[No. G014256. Fourth Dist., Div. Three. Sept. 29, 1994.]

JULIUS JEFFERSON, a Minor, etc., Plaintiff and Appellant, v. QWIK KORNER MARKET, INC., Defendant and Respondent.

**COUNSEL**

Malek & Malek, Jeffrey L. Malek and Sara Fukushima for Plaintiff and Appellant.

Morris, Polich & Purdy, Steven C. Miller and Thomas M. O'Leary for Defendant and Respondent.

**OPINION**

**SILLS, J.**—May a convenience store, with a parking lot design typical of the vast majority of such businesses, be held liable when a third party negligently drives his car over a concrete wheelstop and curb, onto the storefront sidewalk injuring a pedestrian? When there is nothing requiring customers to stand in a fixed location adjacent to the parking area, and when there have been no prior such accidents, the answer is, "No."

## I

The basic facts are undisputed. In front of the Qwik Korner Market in Orange is a sidewalk, six feet wide, with a raised curb exceeding six inches. Marked spaces allow parking perpendicular to the sidewalk. At the end of each space is a concrete wheelstop, three feet wide, six inches high, and eight inches front-to-back. To the side of the storefront are benches and tables.

In the early afternoon on October 8, 1988, Julius Jefferson, a minor, made a purchase and was standing outside the store. As Paul D'Arca, 84, pulled into a parking space, his foot slipped. Instead of applying the brake, he hit the accelerator. The car jumped *both* the parking blocks and the curb, injuring Julius.

Julius's guardian ad litem, Michelle McGhee, brought suit on his behalf against Qwik Korner for general negligence and premises liability. The suit alleged the accident was foreseeable. It contended metal posts at the ends of the parking spaces would have prevented the car from reaching the sidewalk and failure to install such posts constituted negligence.

In October of 1990, Qwik Korner moved for summary judgment, or in the alternative, for summary adjudication, asserting it had no duty to protect Julius from D'Arca's unforeseeable negligence. The motion was denied.

In February 1993, Qwik Korner renewed its motion for summary judgment. Additional supporting documents included a declaration by an architect, Raymond Ziegler, stating the design and construction of the parking lot met or exceeded all city codes and regulations. In another declaration, James Herlong, vice-president of the convenience store chain, said there had been no previous incidents of vehicles striking pedestrians at the market. This time the trial court found Qwik Korner owed no duty to provide "an impregnable barrier" around the market sidewalk and granted the motion.

## II

Julius's counsel contend the court erred in granting summary judgment because there is a triable issue of material fact regarding whether Qwik Korner owed him a duty of protection.

All persons have a duty to use ordinary care to prevent injury to others from their conduct. (Civ. Code, § 1714, subd. (a).) "This general rule requires a property owner to exercise ordinary care in the management of his

or her premises in order to avoid exposing persons to an unreasonable risk of harm." (*Scott* v. *Chevron U.S.A.* (1992) 5 Cal.App.4th 510, 515 [6 Cal.Rptr.2d 810].)

However, a duty to take steps to prevent the wrongful acts of a *third party* "will be imposed only where such conduct can be reasonably anticipated." (*Ann M.* v. *Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 676 [25 Cal.Rptr.2d 137, 863 P.2d 20].) When determining the existence of a duty, foreseeability is a question of law. (*Id.* at p. 678.) The court must ascertain whether "the category of negligent conduct at issue is *sufficiently likely* to result in the kind of harm experienced that liability may appropriately be imposed." (*Ballard* v. *Uribe* (1986) 41 Cal.3d 564, 572-573, fn. 6 [224 Cal.Rptr. 664, 715 P.2d 624], italics added.) ■ The question here is whether the instant accident was sufficiently likely to occur to require the landowner to take more extensive measures than it did.

There is very little California case law regarding cars negligently coming onto the sidewalks of businesses. Courts in other states, however, have considered similar scenarios. The majority have concluded there is no liability because such accidents are insufficiently likely as a matter of law. (See, e.g., *Fawley* v. *Martin's Supermarkets, Inc.* (Ind.App. 1993) 618 N.E.2d 10, 11-13 [driver losing control of auto not "sufficiently foreseeable" to impose liability; store had sidewalk with three-inch curb and no other barriers]; *Albert* v. *Hsu* (Ala. 1992) 602 So.2d 895, 896-897 [foreseeability of harm "too remote" to create duty; restaurant had 6-inch curb and wooden barriers]; *Stutz* v. *Kamm* (1990) 204 Ill.App. 898 [149 Ill.Dec. 935, 562 N.E.2d 399, 404-405] [whether other barriers would have prevented accident "mere speculation"; facility administering driver's license tests had rolled curbing, no other barriers]; *Howe* v. *Stubbs* (Me. 1990) 570 A.2d 1203, 1203-1204 [no liability when auto rolled down hill and crashed into building, despite three prior incidents]; *Molinares* v. *El Centro Gallego, Inc.* (Fla.Dist.Ct.App. 1989) 545 So.2d 387, 387-388 [no liability where restaurant had sidewalk with two-inch curb, no other barriers]; *Mims* v. *Bradford* (La.App. 1987) 503 So.2d 1083, 1084-1085 [no liability where store had sidewalk with four-and-a-half-inch curb, no other barrier]; *Glick* v. *Prince Italian Foods of Saugus, Inc.* (1987) 25 Mass.App. 901 [514 N.E.2d 100, 101] [out-of-control auto crashing into wall "not reasonably foreseeable"; restaurant had eight-inch bumper stops]; *Carpenter* v. *Stop-N-Go Markets of Georgia, Inc.* (Miss. 1987) 512 So.2d 708, 709 [no duty to erect barriers to prevent auto from coming through store window, despite prior incident]; *Grandy* v. *Bavaro* (1987) 134 A.D. 957 [521 N.Y.S.2d 956, 957] [possibility of car jumping curb "unforeseeable"; no liability where store had two-inch curb, no bumper stops]; *Hendricks* v. *Todora* (Tex.App. 1986) 722 S.W.2d

458, 460-462 [risk of drunk driver crashing into wall "so slight," and incident "so extraordinary that a reasonable person would disregard it"; restaurant had six-inch curb, no other barrier]; *Nicholson* v. *MGM Corporation* (Alaska 1976) 555 P.2d 39, 41 [accident involving runaway pickup truck "not reasonably foreseeable"; store had ten-inch curb, no other barrier]; *Krispy Kreme Doughnut Company* v. *Cornett* (Fla.Dist.Ct.App. 1975) 312 So.2d 771, 772, 775 [no liability where parking lot met city building code; store had two-and-a-half-inch curb, no other barrier]; *Eckerd-Walton, Inc.* v. *Adams* (1972) 126 Ga.App. 210 [190 S.E.2d 490, 491-492] [possibility of vehicle jumping curb and striking building "so remote and improbable as not reasonably to be anticipated"; store had five-and-a-half-inch curb, eight-inch brick foundation]; *Mack* v. *McGrath* (1967) 276 Minn. 419 [150 N.W.2d 681, 685-686] [liability cannot be predicated on "remote possibility of injury"; no liability where store had curb of "normal height" and no other barriers, despite two prior incidents]; *Schatz* v. *7-Eleven, Inc.* (Fla.Dist.Ct.App. 1961) 128 So.2d 901, 904 [driver negligently driving car over curb and sidewalk was "unusual or extraordinary" and "unforeseeable in contemplation of the law"; store had six-inch curb, no other barriers]; see also *Watkins* v. *Davis* (Tex.Civ.App. 1957) 308 S.W.2d 906, 909 [truck crashing through store window held "unusual and extraordinary" even though there was no barrier].)

In a minority of the curb-jumping cases, courts have held that liability is a question of fact for the jury. These cases, however, fall into one of three categories, none of which encompasses the facts in the instant case. In the first category are cases where the business provided no protection *whatever* from encroaching vehicles. (See, e.g., *Martin* v. *Watson's Grocery* (La.App. 1993) 615 So.2d 999, 1001 [no curb or other barrier]; *Dalmo Sales of Wheaton, Inc.* v. *Steinberg* (1979) 43 Md.App. 659 [407 A.2d 339, 341, 343] [absence of curb or other barrier was "critical fact"; prior incidents at nearby store]; *Zippy Properties, Inc.* v. *Boyd* (Tex.App. 1984) 667 S.W.2d 312, 313, 315 [no raised curb or other barrier; several prior incidents]; *Thompson* v. *Ward Enterprises* (Fla.Dist.Ct.App. 1977) 341 So.2d 837, 838-839 [no raised curb or other barrier]; *Ray* v. *Cock Robin, Inc.* (1974) 57 Ill.2d 19 [310 N.E.2d 9, 12] [no curb or other barrier, prior incident]; *Denisewich* v. *Pappas* (1964) 97 R.I. 432 [198 A.2d 144, 147-148] [customary in area to provide barriers, and vehicle was operated at "reasonable speed"].)

In the second category, the defendants had knowledge of prior similar incidents, and therefore the accidents were deemed foreseeable even when there was some type of barrier. (See, e.g., *Grissett* v. *Circle K Corporation of Texas* (Fla.Dist.Ct.App. 1992) 593 So.2d 291, 292-293 [store had five-inch curb, no other barrier; corporation knew of prior incidents at other stores];

*Cohen* v. *Schrider* (Fla.Dist.Ct.App. 1988) 533 So.2d 859, 860 [10 prior similar incidents]; *Munford, Inc.* v. *Grier* (1975) 136 Ga.App. 537 [221 S.E.2d 700, 701] [store had six-and-a-half-inch curb, no bumper stops, one prior incident].)

The third category consists of cases where the building design required customers to await service by standing adjacent to a parking lot or driveway. In effect, if a car jumped the curb, there was a high likelihood that a pedestrian would be at the location. (See, e.g., *Chatmon* v. *Church's Fried Chicken* (1974) 133 Ga.App. 537 [211 S.E.2d 2, 3] [plaintiff waiting at service window when injured; restaurant had three-inch curb, no other barrier]; *Barker* v. *Wah Low* (1971) 19 Cal.App.3d 710, 711, 721 [97 Cal.Rptr. 85] [plaintiff's husband waiting at service window when struck; restaurant had raised wooden bumper stops]; *Johnson* v. *Hatoum* (Fla.Dist.Ct.App. 1970) 239 So.2d 22, 27 [45 A.L.R.3d 1418] [plaintiff waiting at service window when injured; restaurant had two-inch curb, no other barrier].)

There is one anomaly, *McAllen Kentucky Fried Chicken No. 1* v. *Leal* (Tex.App. 1981) 627 S.W.2d 480, 482. There, the plaintiff was injured when the brakes of a car failed, causing it to jump a six-inch curb, cross a sidewalk and crash into a store wall. Of the 20 company stores in the area with similar parking lot design, this was the only such incident in 8 years. A jury found the driver negligent, but also found her negligence was *not* the proximate cause of the accident. It attributed 90% of the negligence to the store, and 10% to the driver.[1] The court did not address the issue of likelihood. It simply relied on the proposition that the mere absence of prior incidents did not *automatically* mean the accident was *not* foreseeable. Beyond that, the court did not explain why the accident *was* foreseeable—it merely concluded the accident was of such a "general character" that it might have been anticipated.[2] Because of this cursory treatment, we find the decision unpersuasive.

With the arguable exception of *McAllen*, no case of which we are aware has imposed liability on the set of facts found here, where the business

[1]The jury was aware the plaintiff had already settled with the driver and would get no money if the driver were found to be at fault. (*McAllen Kentucky Fried Chicken No. 1* v. *Leal*, *supra*, 627 S.W.2d at pp. 483-484.)

[2]The court's discussion of foreseeability consists of the following: "It is true that the fact as to whether other accidents have or have not occurred could be probative as to whether or not such an event was foreseeable . . . . [Citation.] In [one case] the Court stated: [¶] 'Appellant showed that for the fourteen years it had operated the lot no one had ever fallen into the creek or had attempted to take a short-cut to the theatre. . . . We cannot say, as a matter of law, that appellant could not reasonably anticipate that someone would fall into the creek if it was obscured, and suffer some type of injury. . . . We overrule appellant's point that the accident was not foreseeable as a matter of law.' [¶] The foreseeability element of proximate cause does not require the particular act to have been foreseen, but that the injury be of such general

provided both a curb and wheelstops, the parking lot design is typical of most businesses and meets all city standards and regulations, there were no prior similar incidents and nothing required customers to remain in a fixed location adjacent to the parking area. Of course, such a result is only common sense. The probabilities that someone will be struck by an out-of-control vehicle are far lower when there are both curb and wheelstops, and there is no expectation that customers will be at any particular point, such as a walk-up window.

■ An act must be *sufficiently likely* before it may be foreseeable in the legal sense. That does not mean simply imaginable or conceivable. Given enough imagination, *everything* is foreseeable. To paraphrase Justice Eagleson, with apologies to Bernard Witkin, on a clear judicial day, you can foresee forever. (*Thing* v. *La Chusa* (1989) 48 Cal.3d 644, 668 [257 Cal.Rptr. 865, 771 P.2d 814].) If the law imposed a duty to protect against every *conceivable* harm, nothing could function.

■ Imposing a duty on a convenience store to protect a customer from every imaginable incident is an unreasonable burden: a motorcycle can pass between metal posts and a large truck can break through a cement wall. Only an impregnable barrier would suffice, in essence holding the store owner as the insurer of its customers' safety. The law does not impose such a burden. (See *Ann M.* v. *Pacific Plaza Shopping Center*, *supra*, 6 Cal.4th at p. 679 [to hold landlords as insurers of public safety would be "contrary to well-established policy"]; Rest.2d Torts § 344, com. d [owner of land open to public is not insurer of visitors' safety against acts of third persons].)

Plaintiff relies on *Barker* v. *Wah Low*, *supra*, 19 Cal.App.3d at page 721, but the case is distinguishable. There, the plaintiff's husband was standing at a drive-in restaurant's walk-up window when a car jumped a wooden bumper stop and struck him. The court held it was a question of fact whether the business was required to provide a more substantial barrier. The court emphasized the plaintiff was directed to await service at a *fixed location* adjacent to a parking area, thus making injury more likely and distinguishing the facts before it from cases such as *Mack* v. *McGrath*, *supra*, 150 N.W.2d at page 686 and *Schatz* v. *7-Eleven, Inc.*, *supra*, 128 So.2d at page 904. (See 19 Cal.App.3d at pp. 717-718.) Unlike *Barker*, the plaintiff here was not

character as might reasonably have been anticipated. [Citation.]" (*McAllen Kentucky Fried Chicken No. 1* v. *Leal*, *supra*, 627 S.W.2d at p. 482.)

directed to wait anywhere but rather was on a sidewalk used for entering and leaving the store.[3]

Summary judgment is proper if the defendant can "conclusively negate a necessary element of the plaintiff's case." (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].)[4] Because the accident was not sufficiently likely, and therefore not reasonably foreseeable, Qwik Korner had no duty to erect additional barriers. The judgment is affirmed. Appellant to bear costs on appeal.

Wallin, J., and Sonenshine, J., concurred.

A petition for a rehearing was denied October 25, 1994, and appellant's petition for review by the Supreme Court was denied December 15, 1994.

---

[3]Julius's counsel argues that the placement of a table and benches to the side of the store front make the facts of this case more like *Barker* because the table and benches were an invitation to remain in a fixed location. This attempt fails because the incident at issue involves a person on the sidewalk, not seated at the benches.

We express no opinion as to whether an injury that took place while a customer was using a telephone placed in front of a convenience store would be more like *Barker* or the instant case.

[4]It is also contended the court erred in allowing the renewed summary judgment motion. We dispense with the contention in this footnote. Qwik Korner had previously requested summary judgment or, in the alternative, summary adjudication, and both motions were denied. To renew the summary judgment motion following denial of a motion for summary adjudication, a party must allege new facts, circumstances, or law. (Code Civ. Proc., § 437c, subd. (f)(2).) Regardless of whether we style the previous motion as one for summary judgment or summary *adjudication*, the second motion alleged facts that had not been asserted previously. The Ziegler and Herlong declarations showed the design of the parking lot met the city's standards and there had been no previous similar incident. Thus, allowing the renewal was not error.