Filed 9/24/14  Hunter v. Nansco Management CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MUJAHBARRUKA HUNTER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>NANSCO MANAGEMENT, INC., et al.,<br><br>    Defendants and Respondents. | B248749<br><br>(Los Angeles County<br>Super. Ct. No. LC094938) |

APPEAL from judgment of the Superior Court of Los Angeles County, Huey P. Cotton, Judge.  Affirmed.

Campbell & Farahani, Frances M. Campbell and Nima Farahani for Plaintiff and Appellant.

Neil Dymott, Frank, McFall & Trexler, James A. McFall, Jarod A. Cauzza; Fidone & Motooka and Gary P. Fidone for Defendants and Respondents.

_____

## INTRODUCTION

Plaintiff Mujahbarruka Hunter (Hunter) appeals the trial court's granting of summary judgment in favor of Defendants Nansco Management, Inc. (Nansco), and A. Douglas Rickard and Jeannie C. Rickard (the Rickards). Hunter sued Defendants for premises liability and negligence, alleging that the injuries he sustained from third-party criminal activity were attributable to Defendants' failure to repair locks on the security gates to Hunter's apartment building. The trial court granted summary judgment because Hunter failed to show that there was a triable issue of material fact regarding duty. We affirm because Hunter failed to meet his burden to produce some evidence that Defendants had a reason to foresee criminal conduct, which was essential to establishing duty.

## FACTS AND PROCEDURAL BACKGROUND

Hunter is legally blind, and during the timeframe at issue in this case, he lived with his mother at an apartment complex on Nordhoff Street in North Hills, California. The Rickards own that apartment complex and Nansco manages it. On May 23, 2011, four robbers entered the complex through broken security gates. One of the robbers knocked on Hunter's apartment door and Hunter opened the door believing that it was the apartment manager's wife. The robbers then pushed their way into the apartment, and robbed and beat Hunter. Three of the four perpetrators had previously been guests in Hunter's apartment, but Hunter had disassociated from them in April 2011 when he learned that they had stolen from him. Had Hunter known that those three individuals were at his door, he would not have opened it. Notably, Hunter had repeatedly telephoned the apartment manager complaining that the locks on the security gates were broken during the six to eight months preceding the robbery.

On September 21, 2011, Hunter filed suit against Defendants, alleging causes of action for premises liability and general negligence. Defendants filed a motion for

summary judgment, contending they did not breach any duty owed to Hunter.[1]  They argued liability cannot be imposed because they lacked reasonable cause to anticipate the misconduct of third persons, and there can be no breach of duty when the injury results from a sudden criminal act which Defendants had no reasonable opportunity to anticipate or prevent.  The Rickards and a manager employed by Nansco filed declarations in support of the motion for summary judgment, stating that they had no notice that the premises were unsafe or that Hunter would be injured.

In opposition, Hunter argued that Defendants owed a duty of care to maintain the locks at the apartment building.  He asserted that the evidence satisfied the slight degree of foreseeability required to impose a duty to repair locks, as contrasted with the requisite high degree of foreseeability necessary to require a landlord to take more burdensome security measures like posting security guards.  In his brief opposing the motion for summary judgment, Hunter's evidentiary basis for proving forseeability consisted of crime statistics (which were excluded by the court) and a statement made to the police by Rosa Castro, who lived in the same building as Hunter and worked for the landlord as a "keyholder."  Ms. Castro had told the police that she saw two men climbing over the rear fence a day before the incident.  In his separate statement, Hunter cited several additional pieces of evidence to support foreseeability.  Namely, Hunter asserted that his own testimony regarding his numerous calls[2] to management about the broken security gate locks, a fellow tenant experiencing an attempted break-in, and the presence of

---

[1]  We note defendants *did not* move for summary judgment on the ground of lack of causation. Defendants first introduced the issue of causation in their reply papers, arguing Hunter had failed to show a causal connection between the allegedly broken gate and his injuries.  The trial court did not address causation below and neither do we on appeal based on due process considerations, as Hunter lacked notice and the opportunity below to respond to Defendants' causation arguments.  (See *Gomez v. Acquistapace* (1996) 50 Cal.App.4th 740, 744.)

[2]  Based on lack of foundation and hearsay, the trial court sustained defendants' objection to the statement in Hunter's declaration that *his mother* also complained to management of broken locks.  The trial court also excluded Hunter's proffered evidence regarding crime in the vicinity.  Hunter does not appeal these evidentiary rulings.

"undesirables" coming in and out of the apartment complex established a triable issue of material fact regarding foreseeability as it pertained to duty.

The trial court granted summary judgment in favor of Defendants, ruling that Defendants owed no duty of care to protect Hunter from the criminal conduct of third parties. The court explained that Hunter "[lacks] any evidence of any specific prior incidents or threat of impending violence—a necessary precursor to any claim of duty depending on a finding of foreseeability. Reports of prior robberies 'in the neighborhood' insufficiently establishes a nexus with the subject 'home invasion' robbery committed in the Hunter apartment unit . . . .  [¶]  [Hunter] also lacks any evidence of [D]efendants' notice of any imminent threat of violence, thereby establishing a special duty of care to assist plaintiff from potential third party inflicted harm. [Citations.]"

## DISCUSSION

Hunter asserts that the trial court erred in finding that there was no duty to repair the locks on the security gates. "On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained. [Citation.]  Under California's traditional rules, we determine with respect to each cause of action whether the defendant seeking summary judgment has conclusively negated a necessary element of the plaintiff's case, or has demonstrated that under no hypothesis is there a material issue of fact that requires the process of trial, such that the defendant is entitled to judgment as a matter of law." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.)  We construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party. (*Ennabe v. Manosa* (2014) 58 Cal.4th 697, 705.)

Here, Defendants moved for summary judgment on the element of duty of care. Whether a legal duty of care runs from the defendant to the plaintiff is a fundamental element of any cause of action for negligence or premises liability. (*Campbell v. Ford Motor Co.* (2012) 206 Cal.App.4th 15, 26; *John B. v. Superior Court* (2006) 38 Cal.4th

4

1177, 1189 ["To prevail in an action for negligence, the plaintiff must demonstrate that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injuries."].) "The existence and scope of a duty are questions of law for the court's determination, and foreseeability is a critical factor in the analysis. When foreseeability is analyzed to determine the existence or scope of a duty, foreseeability is also a question of law." (*Ericson v. Federal Express Corp.* (2008) 162 Cal.App.4th 1291, 1300 (*Ericson*).)

To support their contention that Hunter could not prove duty, Defendants produced declarations from the Rickards and Nansco manager Karla Cisneros. The declarations stated that at no time prior to the incident did they have reason to believe the premises were unsafe or that Hunter might be injured as a result of any incident such as occurred here, the property is secured by a front entry gate which is locked unless tampered with, there is also a rear entry gate to the parking area affording additional security to tenants, and there was no indication as to how the assailants accessed the property. We conclude that this evidence was sufficient to show that the harm at issue was not foreseeable to Defendants. Defendants thus effectively shifted the burden of production to Hunter to show that there was evidence that the home invasion, assault, and robbery were foreseeable such that Defendants had a duty to protect Plaintiff from those offenses by repairing the security door locks.

First, Hunter argues that because the landlord has a statutory duty to provide locks on the security gates, he did not need to prove forseeability of the harm in order to show that Defendants had a duty to maintain the locks. Under Civil Code section 1941.3, a landlord has a duty to provide locks on the outer security doors. His failure to do so results in liability under *habitability statutes*. (See L.A. Mun. Code, § 153.02 [A habitability violation under the Rent Stabilization Ordinance is "a reduction or elimination of the following services if contracted for by the tenant, or if provided to the tenant at the time the tenant moves into his or her rental unit: elevators, *security gates,* and air conditioners."], italics added.) Civil Code section 1941.3, subdivision (d) states that it "shall not broaden, limit, or otherwise affect the duty of care owed by a landlord

5

pursuant to existing law," like the standards for negligence at issue in this case. Thus, a plaintiff has the obligation of going further than just showing the absence of functioning locks in a negligence case by providing evidence that a duty to maintain the locks exists under the factors analyzed at common law. Plaintiff's negligence per se argument thus fails on this basis.

Second, Hunter asserts that even if Civil Code section 1941.3 is insufficient to prove duty, he has provided sufficient evidence to prove foreseeability of the harm. Foreseeability of harm[3] to the plaintiff and the extent of the burden to the defendant are the most crucial considerations in performing a duty analysis. (*Castaneda v. Olsher* (2007) 41 Cal.4th 1205, 1213 (*Castaneda*).) "An act must be *sufficiently likely* before it may be foreseeable in the legal sense. That does not mean simply imaginable or conceivable. Given enough imagination, *everything* is foreseeable. [O]n a clear judicial day, you can foresee forever. [Citation.] If the law imposed a duty to protect against every *conceivable* harm, nothing could function." (*Jefferson v. Qwik Korner Market, Inc.* (1994) 28 Cal.App.4th 990, 996.) It is well established that "a duty to take steps to prevent the wrongful acts of a *third party* 'will be imposed only where such conduct can be reasonably anticipated.' [Citation.]" (*Id.* at p. 993.)

---

[3]     "Some factors that courts consider in determining the existence and scope of a duty in a particular case are: '[T]he foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.' (*Rowland v. Christian* [(1968)] 69 Cal.2d [108,] 113.)" (*Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 675, fn. 5, superseded by statute with respect to the standard adopted for summary judgment as reflected in *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767-768, and disapproved of on other grounds by *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 522-523.)

This means that a landlord only "has a duty to protect against *types of crimes of which he has notice* and which are likely to recur if the common areas are not secure. . . . [Citations.]" (*O'Hara v. Western Seven Trees Corp.* (1977) 75 Cal.App.3d 798, 802-803, italics added; see also *Peterson v. San Francisco Community College Dist.* (1984) 36 Cal.3d 799, 807.)  The Supreme Court has explained that "the requisite degree of foreseeability rarely, if ever, can be proven in the absence of prior similar incidents of violent crime on the landowner's premises." (*Ann M., supra,* 6 Cal.4th  at p. 679.) As the Supreme Court explained in *Castaneda, supra,* 41 Cal.4th at p. 1213, we look to the circumstances of the case to see if the landlord was on notice of facts making the harm at issue foreseeable.  In assessing whether the facts show foreseeability of third party crimes, "our precedents have focused on whether there were prior similar incidents from which the property owner could have predicted the third party crime would likely occur, though we have recognized the possibility that 'other indications of a reasonably foreseeable risk of violent criminal assaults' could play the same role." (*Id.* at p. 1221.)

In this case, Hunter did not produce any evidence that Defendants were on notice that a crime of this nature could occur.  In his appellate brief, Hunter asserts that:  "[h]ere, the keyholder saw two people breaking into the Building the day before the home invasion robbery, probably doing a 'dry run.'  [Citation.]  Moreover, Mr. Hunter informed management about the broken locks prior to the robbery.  That is enough to establish foreseeability."  On appeal, Hunter does not argue that any other evidence supports foreseeability.

With regard to the keyholder's statement to the police, she did not state that two people broke into the building.  Rather, the police report indicates that she saw two men jump over the rear fence.  The fact that two men jumped over the fence and did nothing more, fails to show a threat of home invasion, assault, or robbery.  It also fails to  place Defendants on notice of the need to the repair locks in order to prevent against intruders because the men did not need to enter through the gates to access the premises.  This incident fails to satisfy the burden of production necessary to show foreseeability of criminal conduct as set forth in case law.  (See *Ambriz v. Kelegian* (2007)

7

146 Cal.App.4th 1519, 1535 ["In view of the repeated security breaches and the known presence of unauthorized male intruders, a violent attack by an intruder was sufficiently foreseeable"]; *Vasquez v. Residential Investments, Inc.* (2004) 118 Cal.App.4th 269, 286-287 [The Court found foreseeability of breaking and entering where there was evidence of a prior incident involving aborted entry by an intruder into the same apartment, and reports of assaultive crimes in other apartments in building.].)

Furthermore, Hunter's testimony that he reported broken locks to management also fails to establish foreseeability of home invasion, assault, or robbery occurring within the complex. Hunter's reports regarding broken locks are relevant to evaluating whether the locks were functioning and whether Defendants had notice of the broken locks. Yet, that testimony fails to show a likelihood of criminal activity that Defendants had a duty to guard against. As pointed out in the dissent, security gates with locks controlling access to common areas are required by statute and thus ubiquitous in California. The existence of a broken lock and reports of it to management therefore do not address foreseeability.

As mentioned above, Hunter does not argue on appeal that any other evidence establishes foreseeability. Because we review the motion for summary judgment de novo, we also address the evidence set forth in Hunter's separate statement. There, Hunter relies on his deposition testimony, which states that there were always "undesirables" coming into the building, and that somebody had tried to break into the apartment of his neighbor, Tia Fox, via her balcony. Hunter testified that Fox had made a complaint and was waiting for someone to follow through. Notably, there is no information whatsoever regarding to whom this complaint was made.

It is unclear who the "undesirables" were and there is no indication that they engaged in any criminal conduct. Nor is there evidence that anyone informed Defendants of these people being in the building. In *Ericson, supra,* 162 Cal.App.4th at p. 1305, the Court of Appeal concluded that the risk of third-party assault in a parking lot was not foreseeable and thus the property owner had no duty to undertake even minimally burdensome measures to prevent assault where the evidence showed only that non-

8

violent transients frequently trespassed in the parking lot and two prior non-violent thefts may have occurred on the premises. Similarly here, the existence of people in the building who are undesirable to Hunter does not prove a likelihood of assault or robbery, where there is no evidence that these people have acted violently or in a threatening manner.

To the extent that Hunter relies on his own testimony regarding an attempted break-in at Tia Fox's apartment, there is no evidence to indicate that Ms. Fox or anyone else notified Defendants about it. To whom Ms. Fox reported the incident is unknown. The police? The landlord? Such equivocal evidence is insufficient to raise a question of fact. (*Ahrens v. Superior Court* (1988) 197 Cal.App.3d 1134, 1152 [stating that equivocal evidence "does not constitute ' " 'sufficient proof of the matters alleged to raise an issuable question of fact' " . . . . [Citation.]' [Citation.]"]. ) (*Yuzon v. Collins* (2004) 116 Cal.App.4th 149, 163 [a landlord is not liable for tenant's dog bite incident where evidence that landlord knew the dog was dangerous was based on speculation, imagination, guesswork, or mere possibilities].) As a court, we cannot fill in this evidentiary gap for Hunter. "Filling in these gaps requires us to speculate about the basis for the [defendant]'s knowledge asserted by appellants. Such speculation is impermissible, however, and is grounds for granting summary judgment." (*Doe v. Salesian Society* (2008) 159 Cal.App.4th 474, 481.)

The small burden to the landowner of ensuring a lock is in working order, as slight as it may be, does not supplant Hunter's burden to produce some evidence that Defendants had a reason to foresee criminal conduct. Hunter has failed to do so here. We therefore affirm.

## DISPOSITION

Judgment affirmed.  Defendants Nansco Management, Inc., A. Douglas Rickard, and Jeannie C. Rickard are awarded their costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



KITCHING, J.

I concur:



ALDRICH, J.

10

KLEIN, P. J., Dissenting.

I respectfully dissent. I would reverse the judgment on the ground defendants owed a duty as a matter of law to maintain the locks on the security gates in working order. Whether defendants breached said duty presents a triable issue of material fact which precludes this case from being resolved on summary judgment.

1. *Standard of appellate review.*

"[This court] independently review[s] an order granting summary judgment. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860.) We determine whether the court's ruling was correct, not its reasons or rationale. (*Salazar v. Southern Cal. Gas Co.* (1997) 54 Cal.App.4th 1370, 1376.) 'In practical effect, we assume the role of a trial court and apply the same rules and standards which govern a trial court's determination of a motion for summary judgment.' (*Zavala v. Arce* (1997) 58 Cal.App.4th 915, 925.)" (*Shugart v. Regents of University of California* (2011) 199 Cal.App.4th 499, 504-505.) In performing our de novo review, we must view the evidence in a light favorable to Hunter, as the losing party below. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768 (*Saelzler*).)

2. *As a matter of law, landlord has duty to take reasonable steps to secure common areas against foreseeable criminal acts of third parties.*

a. *General principles.*

The "existence of a duty is a question of law for the court. [Citations.]" (*Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 674 (*Ann M.*).)[1] Likewise, "[f]oreseeability, when analyzed to determine the existence or scope of a duty,

---

[1] "Some factors that courts consider in determining the existence and scope of a duty in a particular case are: '[T]he foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.' (*Rowland v. Christian* [(1968)] 69 Cal.2d [108,] 113.)" (*Ann M., supra,* 6 Cal.4th at p. 675, fn. 5.)

is a question of law to be decided by the court." (*Ann M., supra,* 6 Cal.4th at p. 678; accord, *Sharon P. v. Arman, Ltd*. (1999) 21 Cal.4th 1181, 1188 (*Sharon P*.).) The discrete issue presented herein is whether third party criminal activity was sufficiently foreseeable to support a requirement that defendants maintain the locks on the security gates at the subject apartment building. (See *Sharon P., supra,* at p. 1188.)

By now, it is "well established that California law requires landowners to maintain land in their possession and control in a reasonably safe condition. (Civ. Code, § 1714; *Rowland v. Christian* (1968) 69 Cal.2d 108.) *In the case of a landlord, this general duty of maintenance, which is owed to tenants and patrons, has been held to include the duty to take reasonable steps to secure common areas against foreseeable criminal acts of third parties that are likely to occur in the absence of such precautionary measures.* [Citations.]" (*Ann M., supra*, 6 Cal.4th at p. 674, italics added; accord, *Sharon P., supra,* 21 Cal.4th at p. 1189.)

Unfortunately, "random, violent crime is endemic in today's society. It is difficult, if not impossible, to envision any locale open to the public where the occurrence of violent crime seems improbable." (*Ann M.*, *supra*, 6 Cal.4th at p. 678.) Thus, the scope of the landlord's duty "is determined in part by balancing the foreseeability of the harm against the burden of the duty to be imposed. [Citation.] ' "[I]n cases where the burden of preventing future harm is great, a high degree of foreseeability may be required. [Citation.] On the other hand, in cases where there are strong policy reasons for preventing the harm, or the harm can be prevented by simple means, a lesser degree of foreseeability may be required." [Citation.]' [Citation.] . . . [D]uty in such circumstances is determined by a balancing of 'foreseeability' of the criminal acts against the 'burdensomeness, vagueness, and efficacy' of the proposed security measures. [Citation.]" (*Id*. at pp. 678-679.)

While it is settled that a landlord owes a duty of care to its tenants to take reasonable steps to secure the common areas under its control, the specific issue in *Ann M*. was whether a shopping center owner owed a duty to provide *security guards* in the common areas. (*Ann M., supra*, 6 Cal.4th at p. 674.) In determining the owner's duty did not extend to hiring security guards, the Supreme Court weighed the expense of a security patrol against the foreseeability of violent crime at that location and reasoned, "The monetary costs of security guards is not insignificant. Moreover, the obligation to provide patrols adequate to deter criminal conduct is not well defined. . . . Finally, the social costs of imposing a duty on landowners to hire private police forces are also not insignificant. [Citation.] For these reasons, *we conclude that a high degree of foreseeability is required in order to find that the scope of a landlord's duty of care includes the hiring of security guards.* We further conclude that the requisite degree of foreseeability rarely, if ever, can be proven in the absence of prior similar incidents of violent crime on the landowner's premises." (*Ann M., supra*, 6 Cal.4th at p. 679, italics added, fn. omitted.)

b. *In the instant case, as a matter of law, defendants owed a duty to maintain the locks on the security gates in working order.*

This lawsuit does not seek to charge the landowner with the obligation to provide security guards, a security measure which demands a high degree of foreseeability. (*Ann M., supra*, 6 Cal.4th at p. 679.) Nor are we concerned with other relatively costly security measures such as improved lighting or camera surveillance. (*Sharon P., supra*, 21 Cal.4th at p. 1189.) Instead, this case involves an inexpensive security measure, namely, maintaining the locks on security gates in working condition, which imposes only a slight burden on the property owner. Where " ' "the harm can be prevented by simple means, a lesser degree of foreseeability may be required." ' " (*Ann M., supra,* 6 Cal.4th at pp. 678-679.)

3

The mere fact the subject property had security gates to control ingress and egress does not assist Hunter in showing that criminal activity was foreseeable. Security gates controlling access to common areas are required by statute (Civ. Code, § 1941.3, subd. (a)(3)) and therefore are ubiquitous.[2] Accordingly, the presence of security gates does not tend to show that criminal activity was foreseeable at the subject property.

Although Hunter sought to present crime database evidence below, the trial court sustained defense objections thereto, and Hunter has not attacked the trial court's evidentiary rulings on appeal.

However, other evidence by Hunter which came in *without objection* below, and which was cited in the opposing separate statement, consists of the following:

(1)     Hunter's deposition testimony, stating there were always "undesirables" coming in to the building.

(2)  Hunter's deposition testimony further provided:  Somebody had tried to break into the apartment of his neighbor, Tia Fox, via her balcony.  Fox had made a complaint and was waiting for someone to follow through.

(3)  Rosa Castro lived in the same building as Hunter and worked for the landlord as a "keyholder"  who gave keys to tenants.  A police report stated that Castro told a detective that a day before the incident, she saw two men climbing over the rear fence. The police report states "possibly the suspects were making a dry run."

There is no " 'mechanical' " prior similar incidents rule.  (*Ann M., supra*, 6 Cal.4th at p. 677.)  In view of all the circumstances shown above, and given the slight burden to the landowner of ensuring a lock is in working order, third party criminal activity was sufficiently foreseeable to charge defendants with the duty to ensure they had functioning locks on the security gates in the common areas.

---

[2]     Violation of Civil Code section 1941.3 does "not broaden, limit or otherwise affect the duty of care owed by a landlord pursuant to existing law, including any duty that may exist pursuant to Section 1714." (Civ. Code, § 1941.3, subd. (d).)  Similarly, a landlord's omission with respect to security gates failure only gives rise to a habitability violation. (L.A. Muni. Code, § 153.02.)  Thus, these provisions do not give rise to tort liability.

4

3.  *Whether defendants breached the duty to maintain the common area locks in working order presents a triable issue of material fact.*

The deposition testimony of one of the assailants, Robert Burns, stated the security gates at the building "were usually either open or broken." Further, Hunter testified at deposition that he specifically recalled the gate was incapable of being locked on the day before the home invasion incident.

The evidence further showed that for months prior to the incident, Hunter repeatedly telephoned the property manager to complain the locks on the security gates were broken.

The above is sufficient to raise a triable issue of material fact as to whether defendants breached their duty of care by failing to maintain the locks on the security gates in working order.

4.  *Causation.*

Defendants contend the record lacks any evidence their alleged failure to repair the locks was the legal cause of Hunter's injuries. The argument is meritless. Defendants did not move for summary judgment on the ground of lack of causation. Therefore, in resisting summary judgment, Hunter was not required to present any evidence with respect to causation.

In sum, because defendants owed a duty, as a matter of law, to ensure the common area locks were functional, and a triable issue exists as to whether defendants breached said duty, I would reverse the grant of summary judgment.



KLEIN, P. J.

5