Filed 4/4/24  Torres v. FedEx Office and Print Services CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA


| | |
|---|---|
| JERRY TORRES, | D081637 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2022-00005896-CU-PO-NC) |
| FEDEX OFFICE AND PRINT SERVICES, INC. et al., | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of San Diego County, Earl H. Maas III, Judge.  Affirmed in part, reversed in part, and remanded with instructions.

Jerry Torres, in pro. per., for Plaintiff and Appellant.

Manning & Kass Ellrod, Ramirez, Trester, Jeffrey M. Lenkov and Mark R. Wilson for Defendant and Respondent FedEx Office & Print Services, Inc.

Wood, Smith, Henning & Berman and Steven R. Disharoon for Defendant and Respondent Gershman Properties, LLC.

## INTRODUCTION

Jerry Torres was a customer in a FedEx Office and Print Services, Inc. (FedEx) store when he was almost hit by a car that crashed into the storefront after the driver mistakenly hit the gas pedal instead of the brakes. He sued the FedEx store and the property owner Gershman Properties, LLC (Gershman Properties) (together, defendants), for general negligence and premises liability, asserting the accident was foreseeable and preventable with additional protective barriers, like bollards.

Relying on *Jefferson v. Qwik Korner Market, Inc.* (1994) 28 Cal.App.4th 990 (*Qwik Korner*), the trial court concluded the defendants owed no duty to Torres, as a matter of law, to erect additional barriers on the property as the accident was not reasonably foreseeable. Consequently, the court sustained defendants' demurrer without leave to amend and entered a judgment of dismissal. We reverse the judgment. Considering the liberal rules of pleading, and assuming the truth of the pertinent allegations for purposes of de novo review, we conclude that Torres stated the basic elements of his premises liability and negligence claims. His complaint did not establish all of the facts that *Qwik Korner* deemed necessary to negate a business's duty to guard against storefront accidents.

We reject, however, Torres's claim the trial court abused its discretion in denying his untimely motion to compel further responses to written discovery requests. We thus affirm the court's discovery order.

BACKGROUND

According to the operative complaint,[1] Torres was a customer inside a FedEx store at the Breeze Hill Complex in Vista, California on December 17, 2020. FedEx is a tenant of the complex, which is owned and managed by Gershman Properties. He was "near the front faxing paperwork" when a man, by the name of Dunham, trying to park "in front of the store" mistakenly hit the accelerator pedal instead of the brakes and drove his car through the front windows of the store.[2] Torres "narrowly missed being hit" by Dunham's car but alleged he was injured nonetheless.[3]

The front of the FedEx store "was composed [of] approximately 42 feet of glass separated into sections by aluminum studs." There was an approximately 14.5-foot-wide sidewalk in front of the store. Next to the sidewalk were marked parking spaces to provide "parking perpendicular" to the sidewalk. The curb of the sidewalk was "approximately 5.5 inches in height" or "less than 5.5 inches in height." There were also "6-inch-high" concrete wheel stops in front of the sidewalk curb.

Torres alleged there were no parking bollards anywhere on the premises of the Breeze Hill Complex at the time of the accident and the wheel

---

[1] Torres's form complaint attaches a document entitled "1st Amended Complaint" with a "Memorandum of Points and Authorities" containing argument and case authorities. Because Torres appeals from a ruling sustaining a demurrer, we recite only the well pleaded facts alleged in the operative amended complaint and disregard contentions, deductions, or conclusions of fact or law. (See *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

[2] Dunham is not a named party in Torres's lawsuit.

[3] At oral argument, Torres claimed he suffered physical injury as a result of having to suddenly move out of the way from the Dunham's crashing car.

curb and wheel stops were insufficient to prevent a car "from driving into the store." He alleged the risk of harm from a storefront crash was foreseeable and could have been prevented by the installation of traffic bollards which, he asserts, "typically costs $400 - $600 per bollard," or "[a]t a minimum," ensuring "the parking spot lines" were "angled away from the front of the building instead of directly at it." He further alleged the failure to take such protective measures despite "the minimal burden" was a breach of defendants' duty to keep their customers and invitees safe.[4]

Torres asserted causes of action for negligence and premises liability, and sought compensatory damages for wage loss, hospital and medical expenses, and loss of earning capacity. FedEx, with Gershman Properties joining, demurred to the amended complaint. Relying on *Qwik Korner, supra*, 28 Cal.App.4th 990, the trial court concluded the defendants owed no duty to Torres, as a matter of law, to erect additional barriers on the property as the

---

[4]  Torres filed a motion to augment the record on June 5, 2023. For the following reasons, we deny his motion. In Items 1, 2, and 3, Torres contends certain pages are missing from his original complaint, Torres's declaration attached to the original complaint, and Torres's Opposition to Defendant's Motion to Strike and Opposition to Demurrer. Our review of the Register of Actions and the originally filed copies of these pleadings reveal the assertedly missing pages were never filed with the superior court. In Items 4 and 5, Torres seeks to augment the record with his requests for entry of default and associated documents filed May 2022. Because these records are not necessary to our resolution of his appeal, we deny the requests. In Item 6, Torres seeks to augment the record with certain pages he contends are missing from his Separate Statement filed in connection with his motion to compel further responses to requests for admissions. Again, our review of the record reveals these assertedly missing pages were never filed with the superior court.

4

accident was not reasonably foreseeable.[5]  Accordingly, the court sustained the defendants' demurrer to Torres's amended complaint without leave to amend and entered a judgment of dismissal.

DISCUSSION

I.

*Demurrer Was Erroneously Sustained*

On appeal from a judgment dismissing an action after an order sustaining a demurrer, we independently determine whether the complaint states facts sufficient to constitute a cause of action under any legal theory. (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.)  "In considering the sufficiency of a pleading, we are bound by the rule that . . . the allegations of the complaint must be liberally construed with a view to attaining substantial justice among the parties. (Code Civ. Proc., § 452.)"  (*Youngman v. Nevada Irrigation Dist.* (1969) 70 Cal.2d 240, 245 (*Youngman*).)  We do not concern ourselves with whether the plaintiff will be able to prove the facts which he alleges in his complaint.  Instead, we accept as true all material facts properly pleaded, including facts that may be implied or inferred from those expressly alleged. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

---

[5]    In his form complaint, Torres asserted three separate bases for premises liability: negligence, willful failure to warn (Civ. Code, § 846), and dangerous condition of public property.  The court found he failed to state a cause of action on the basis of willful failure to warn because Civil Code section 846 governs entry of property for recreational purposes and Torres did not enter the FedEx store for recreational purposes; and he failed to demonstrate dangerous condition of public property because the FedEx store was private, not public, property.  Torres does not challenge these aspects of the court's ruling, explaining in his opening brief on appeal that he "mistakenly" asserted these bases for his premises liability cause of action.

In addition, "it is settled that negligence may be alleged in general terms." (*McMillan v. Western Pacific R. Co.* (1960) 54 Cal.2d 841, 845 (*McMillan*); accord *Hahn v. Mirda* (2007) 147 Cal.App.4th 740, 747.) "The California Supreme Court has consistently held that 'a plaintiff is required only to set forth the essential facts of his case with reasonable precision and with particularity sufficient to acquaint a defendant with the nature, source and extent of his causes of action.' " (*Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 608 (*Ludgate*), quoting *Youngman, supra*, 70 Cal.2d at p. 245.) " 'The particularity required in pleading facts depends on the extent to which the defendant in fairness needs detailed information that can be conveniently provided by the plaintiff; *less particularity is required where the defendant may be assumed to have knowledge of the facts equal to that possessed by the plaintiff.*' " (*Ludgate*, at p. 608, italics added, quoting *Jackson v. Pasadena City School Dist.* (1963) 59 Cal.2d 876, 879.)

"The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." (*Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1158 (*Kesner*).) Under the default rule that everyone has a duty to use ordinary care to prevent injury to others from their conduct (Civ. Code, § 1714, subd. (a)), a property owner is generally required " 'to exercise ordinary care in the management of his or her premises in order to avoid exposing persons to an unreasonable risk of harm.' " (*Qwik Korner, supra*, 28 Cal.App.4th at pp. 992–993.) This affirmative duty extends to a tenant because premises liability "*is grounded in the possession of the premises and the attendant right to control and manage the premises.*' "[6] (*Preston v. Goldman* (1986) 42 Cal.3d

---

[6] In its reply brief filed in the trial court, FedEx stated it "does not dispute the elements of either negligence or premises liability causes of

6

108, 118; *ibid.* [" 'mere possession with its attendant right to control conditions on the premises is a sufficient basis for the imposition of an affirmative duty to act' "].)

"In determining whether a premises owner [or tenant] owes a duty to persons on its property, we apply the *Rowland* factors." (*Kesner, supra*, 1 Cal.5th at p. 1158.) Those factors are "the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." (*Rowland v. Christian* (1968) 69 Cal.2d 108, 113 (*Rowland*).) As our high court recently clarified, "*Rowland*'s multifactor test 'was not designed as a freestanding means of *establishing* duty, but instead as a means for deciding *whether to limit a duty* derived from other sources,' like Civil Code section 1714." (*Kuciemba v. Victory Woodworks* (2023) 14 Cal.5th 993, 1021, additional italics added.)

Because the trial court (and defendants) relied on *Qwik Korner* to dispose of Torres's claims, we start there. In *Qwik Korner*, a boy standing on a sidewalk in front of the store was injured when a driver parking his car

---

action, nor does it dispute that it owed a duty of ordinary care to [Torres]. FedEx disputes any breach of this duty to [Torres] as the subject incident was the result of an act by a third-party and was unforeseeable." In its respondent's brief on appeal, FedEx also does not argue it lacked control as a tenant, or that Torres failed to sufficiently plead that fact. Thus, FedEx has abandoned and doubly forfeited any such argument.

accidentally stepped on the gas instead of the brakes, causing his car to jump a three-foot-wide, six-inch-high concrete wheel stop, over a six-inch curb, and onto a six-foot-wide sidewalk.  (*Qwik Korner, supra*, 28 Cal.App.4th at p. 992.)  To the side of the storefront were benches and tables.  (*Ibid.*)  The boy's guardian ad litem sued Qwik Korner for general negligence and premises liability, asserting the accident was foreseeable and "metal posts at the ends of the parking spaces would have prevented the car from reaching the sidewalk and failure to install such posts constituted negligence."  (*Id.* at pp. 991–992.)

Affirming the trial court's entry of summary judgment in favor of *Qwik Korner*, the Court of Appeal concluded the accident was not sufficiently likely to occur such that the landowner was required to take *more extensive measures* than it did.  (*Qwik Korner, supra*, 28 Cal.App.4th at pp. 993, 997.) Noting there was, at the time, very little California case law regarding cars negligently coming onto the sidewalks of businesses, the court conducted an extensive survey of the national body of law on the subject.  (*Id.* at pp. 993–994.)  It concluded that, in the majority of cases, the business was found to have no duty to guard against a negligent driver veering off the street and hitting people on sidewalks or in front of buildings.  (*Id.* at p. 993.) But there was a minority of cases holding a property owner did or might have a duty to prevent such accidents that fell into three categories:  (1) "where the business provided no protection *whatever* from encroaching vehicles"; (2) where "defendants had knowledge of prior similar accidents" and thus "the accidents were deemed foreseeable even when there was some type of barrier"; and (3) "where the building design required customers to await service by standing adjacent to a parking lot or driveway."  (*Id.* at pp. 994–995).

The court in *Qwik Korner* found it was undisputed that none of these three circumstances existed. Thus the court concluded a business owed no duty to guard against accidents caused by negligent drivers, "where the business provided both a curb and wheelstops, the parking lot design is typical of most businesses and meets all city standards and regulations, there were no prior similar incidents and nothing required customers to remain in a fixed location adjacent to the parking area." (*Qwik Korner, supra*, 28 Cal.App.4th at pp. 995–996.) Under these circumstances, the business "had no duty to erect *additional barriers*." (*Id.* at p. 997, italics added.)

*Qwik Korner*, we observe, does not stand for the proposition that a premises owner owed *no* duty to protect against storefront crashes. Rather, the issue was the scope of that duty, specifically whether a premises owner is required to "erect additional barriers" to protect against an out-of-control vehicle. (*Qwik Korner, supra*, 28 Cal.App.4th at p. 997.) Indeed, as the court acknowledged, a property owner is generally required " 'to exercise ordinary care in the management of his or her premises in order to avoid exposing persons to an unreasonable risk of harm.' " (*Id.* at pp. 992–993.) In holding a premises owner does not have a duty to install additional protective measures, the court in *Qwik Korner* found "[t]he probabilities that someone will be struck by an out-of-control vehicle are far lower when there are both curb and wheelstops, and there is no expectation that customers will be at any particular point, such as a walk-up window." (*Id.* at p. 996.) The court believed "such a result is only common sense." (*Ibid.*)

We question whether in the 30 years since *Qwik Korner* expectations about the probabilities of storefront crashes caused by distracted driving or driver error have remained the same. However, we need not resolve in this case whether such accidents are unforeseeable as a matter of law. *Qwik*

9

*Korner* was decided at the summary judgment phase based on a developed factual record that permitted the court to evaluate, among other issues, whether the parking lot design was "typical of most businesses and meets all city standards and regulations" and whether anything "required customers to remain in a fixed location adjacent to the parking area." (*Qwik Korner, supra*, 28 Cal.App.4th at pp. 995–996.) Its holding does not compel the conclusion that Torres's complaint was fatally deficient, because the complaint does not address these factual issues. Further, even under *Qwik Korner*, a property owner may have a duty to erect additional barriers beyond standard curbs and wheelstops where there have been prior similar incidents. (*Ibid.*) This is a fact within the peculiar knowledge of the premises owner and tenant, one that would not necessarily be known by a plaintiff at the pleading stage. (See *Ludgate, supra*, 82 Cal.App.4th at p. 608 [" 'The particularity required in pleading facts depends on the extent to which the defendant in fairness needs detailed information that can be conveniently provided by the plaintiff; less particularity is required where the defendant may be assumed to have knowledge of the facts equal to that possessed by the plaintiff.' "]; *McMillan, supra*, 54 Cal.2d at p. 845 ["it is settled that negligence may be alleged in general terms"].)

In sum, applying the liberal rules of pleading, and assuming the truth of the relevant allegations, we conclude that Torres stated the basic elements of his negligence and premises liability claims sufficiently to survive a demurrer.

## II.

*The Trial Court Did Not Abuse Its Discretion in Denying Torres's Untimely Motion to Compel Further Responses to Written Discovery*

Torres served FedEx with requests for admissions and demand for production of documents on August 20, 2022. FedEx served verified responses to both by e-mail and regular mail on September 26, 2022. Here, notice of a motion to compel further responses to the written discovery requests was required within 45 days of the service of the verified responses plus two court days for e-service.[7] (Code Civ. Proc., §§ 2031.310, subd. (c), 2033.290, subd. (c).)

Torres did not serve his motions to compel further responses until November 21, 2022, well beyond the statutory 45-day deadline. Thus, the trial court correctly concluded that it lacked jurisdiction to rule on the untimely motions. (See *Sexton v. Superior Court* (1997) 58 Cal.App.4th 1403, 1408–1410; *Vidal Sassoon, Inc. v. Superior Court* (1983) 147 Cal.App.3d 681, 683 [the statutory deadline for filing motions to compel further responses are "mandatory and the court may not entertain a belated motion to compel."].) There was no abuse of discretion. (See *People v. Prince* (2007) 40 Cal.4th 1179, 1232.)

## DISPOSITION

The judgment is reversed. The trial court is directed to vacate its order sustaining the demurrer without leave to amend and to enter a new order overruling the demurrer. The order denying the motions to compel further responses to the requests for admission and demand for production is

---

[7] Time periods are extended by two court days when a document is served electronically and by five days when a document is served by mail. (See Code Civ. Proc., §§ 1010.6, subd. (a)(3)(B), 1013.)

11

affirmed.  Each party shall bear his/its own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

DO, J.

I CONCUR:

DATO, J.

O'ROURKE, J., Concurring in the result.

I concur with the majority's holding as to the alleged property owner and manager, Gershman Properties, LLC (Gershman Properties).  But I concur in the result only based on principles of abandonment and forfeiture (maj. opn., *ante*, at p. 7, fn. 6) as to FedEx Office and Print Services, Inc. (FedEx), which plaintiff Jerry Torres alleges was merely a tenant.  I write separately out of concern that the majority opinion may be misconstrued to permit negligence and premises liability causes of action against FedEx as a tenant absent any factual allegations (or inferences that could be liberally drawn from such allegations) that FedEx had control over the sidewalk or the adjacent parking lot *outside its leased premises* which Torres alleges were hazardous because they lacked barriers or other measures to prevent a vehicle from moving forward into FedEx's storefront.

Torres's operative pleading is a form Judicial Council complaint with an attached memorandum of points and authorities.  Torres alleges the defendants owed him a duty to keep customers safe from foreseeable harm by "install[ing] protection such as traffic bollards . . . ."  But this is a legal conclusion that is not supported by any factual allegation as to FedEx.  Rather, Torres specifically alleges Gershman Properties "owned and managed" the Breeze Hill Complex and that FedEx was a tenant there.  His points and authorities state that "leases often obligate the tenant to take and pay for all actions necessary to comply with [building codes and other] legal requirements," which "forces the tenant to undertake expensive alterations so that it can operate in the premises."  (Italics and emphasis omitted.)  He makes other points concerning a tenant's ability to control premises so as to cure dangerous conditions, with citations to authorities.  But such argumentative contentions must be disregarded in assessing the adequacy of

Torres's pleading. (*County of Santa Clara v. Superior Court* (2023) 14 Cal.5th 1034, 1041.)

The duties owed by a possessor of land in connection with the land's condition " ' "are owed . . . *because* [*of the possessor's*] *supervisory control over the activities conducted upon, and the condition of, the land.*" ' " (*Alcaraz v. Vece* (1997) 14 Cal.4th 1149, 1157-1158, italics added; see also *Moses v. Roger-McKeever* (2023) 91 Cal.App.5th 172, 179 [" '[a] defendant cannot be held liable for the defective or dangerous condition of property which it [does] not own, possess, or control' "], 181 ["absent evidence that a tenant exercised 'actual' control of that portion of the premises where the plaintiff was injured, a tenant will not be held liable for the plaintiff's injuries where the lease does not confer a right of control"].) *Alcaraz* observed that it had previously recognized that " '[a] tenant ordinarily is not liable for injuries to his invitees occurring outside the leased premises on common passageways over which he has no control. [Citations.] Responsibility in such cases rests on the owner, who has the right of control and the duty to maintain that part of the premises in a safe condition.' " (*Alcaraz*, at p. 1158, quoting *Johnston v. De La Guerra Properties, Inc.* (1946) 28 Cal.2d 394, 401.) *Johnston*, however, made " 'clear . . . that if the tenant exercises control over a common passageway outside the leased premises, he may become liable to [others] if he fails to warn them of a dangerous condition existing thereon.' " (*Alcaraz*, at p. 1158, quoting *Johnston*, at p. 401 [defendant tenant "*assumed some responsibility for, and exercised control over,* the means of lighting the approaches to the side entrance to the [landlord's] building" (italics added)].) *Alcaraz* reiterated that principle, but emphasized that " '[*t*]*he crucial element is control.*' " (*Alcaraz*, at p. 1158.) And "performing 'minimal, neighborly maintenance of property owned by another' generally will not on its own

2

constitute an exercise of control giving rise to a duty to protect . . . persons entering the property." (*Moses v. Roger-McKeever*, at p. 180, quoting *Alcaraz, supra*, 14 Cal.4th at p. 1167.)

In the face of Torres's affirmative allegation identifying Gershman Properties as the owner and property manager, it is impossible to infer that FedEx exercised any sort of management or control over common areas in the complex sufficient to impose a duty on it to take safety measures in the sidewalk or parking areas. Even applying rules of liberal construction, Torres's pleading contains no facts suggesting or from which one might reasonably infer that FedEx in some manner managed or took some responsibility for those common areas. However, because FedEx made no such argument on appeal, I concur in the result as to that defendant.

Finally, I take strong exception to my colleagues' gratuitous questioning "whether in the 30 years since [*Jefferson v. Qwik Korner Market, Inc.* (1994) 28 Cal.App.4th 990] expectations about the probabilities of storefront crashes . . . have remained the same." (Maj. opn., *ante*, at p. 10.) To begin, my colleagues' statement mischaracterizes *Qwik Korner*'s holding. There was no storefront crash in *Qwik Korner*. The opinion specifically addresses the foreseeability of a sidewalk accident where both curbs and wheel stops were present. Though the court reviewed some out-of-state cases addressing different scenarios involving an accident into an actual building, the case does not purport to decide the foreseeability of storefront crashes in general. My colleagues assert "we need not resolve in this case whether such accidents are unforeseeable as a matter of law." (Maj. opn., *ante*, at p. 10.) By questioning whether "probabilities of storefront crashes . . . have remained the same" (maj. opn., *ante*, at p. 10), my colleagues create the

3

impression they are signaling to the trial court that *Qwik Korner* is no longer good law.

O'ROURKE, Acting P. J.